IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MEREDITH FRANCIS,

                Plaintiff,

v.                                                              Case No. 05-2062-KHV-DJW

SPRINT/UNITED MANAGEMENT
COMPANY,

                Defendant.

## PROTECTIVE ORDER

Pending before the Court is the parties' Joint Motion for Protective Order (doc. 16). Pursuant to Fed. R. Civ. P. 26(c), and for good cause shown, the Court hereby GRANTS the Motions and enters the following protective order:

       1.       All documents generated, created or produced by any party to this case, their agents, servants or employees, to which the producing party has not previously waived a claim of privilege, privacy or proprietary status, and which documents contain information relating to or consisting of personal or medical information about Plaintiff or any past or current employee of Defendant, as well as documents which contain information relating to or consisting of the non-public financial data of either party will be deemed "Confidential Information" and will be held confidential by the parties and counsel during and after termination of this action, unless the party producing the document waives the confidential status in writing. To aid with compliance with the terms of this Protective Order, the parties will stamp or otherwise mark such documents and information "SUBJECT TO PROTECTIVE ORDER."

       2.       Confidential Information will only be disclosed to the Court and its personnel, the Plaintiff, Defendant's employees who are directly involved in this litigation, counsel for the parties and counsels' personnel, court reporters who have a need for such disclosure and who are directly involved in the depositions or trial of this matter, jurors, hearing officers, or mediators. Whenever counsel for either party first shows confidential information produced by the other party to a witness or potential witness, counsel shall advise the witness or potential witness that the information is confidential and is not to be used for any

purpose outside of this proceeding.  No witness or potential witness shall be permitted to retain any confidential information, except as set forth in paragraph 3 below.

3. Confidential Information may also be disclosed to persons requested by counsel to furnish technical or expert services in relation to the above-captioned action, provided that counsel provides such persons with a copy of this Order and that such persons agree in writing: (1) to use the Confidential Information only to furnish said technical or expert services in this action; (2) not to furnish said Confidential Information to any person or entity not identified in paragraph two of this Protective Order; and (3) upon request, to return said Confidential Information and all reproductions thereof to counsel by whom he or she was retained.

4. Confidential Information and any reports, summaries, analyses, or other papers derived from Confidential Information shall be retained by and/or under the control of counsel and shall not be disclosed except as permitted by this Order.

5. Confidential Information shall be used only in connection with this action and shall not be used for any business, competitive, personal, private, or public purpose, or any other purpose, including other litigation against Defendant by Plaintiff or by any other person.

6. Within 60 days of the termination of this action, including all appeals, any party who wants the return of its Confidential Information from the opposing party shall notify counsel for the opposing party who will make arrangements to retrieve the Confidential Information, and all duplicates thereof, from his or her client, experts, and consultants and return it to the requesting party.  The parties will return all Confidential Information, and all duplicates thereof, upon a request made pursuant to this paragraph.  After 60 days following the termination of this action, including all appeals, the parties will destroy all Confidential Information, and all duplicates thereof, produced by another party.  Counsel may retain Confidential Information, but only for the purposes of preserving a file in this matter.

7. Nothing in this Protective Order constitutes a finding or admission that any Confidential Information is, in fact, confidential or otherwise not subject to disclosure.  Any party may bring before the Court at any time the question of whether any particular Confidential Information does, in fact, contain

confidential information and is, in fact, entitled to the protection of this Order, and the burden shall be on the party claiming the designation to demonstrate that the designated information does fall within the categories of information protected in paragraph one and is entitled to protection of this Order.

8. The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further Protective Order relating to any confidential documents or information, or for modification of this Order, or for any order permitting the disclosure of any confidential documents or information beyond the terms of this Order. This Protective Order is subject to modification at any time upon written stipulation of the parties or pursuant to Order of this Court.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 18th day of November, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties

SUBMITTED BY:

SPENCER FANE BRITT & BROWNE LLP


BY: s/ Joshua C. Dickinson
Jeannie M. DeVeney    #17445
Joshua C. Dickinson    #20632
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas  66210
913/345-8100
913/345-0736 (Fax)

ATTORNEYS FOR DEFENDANT


THE POPHAM LAW FIRM, P.C.

BY: s/  Stephen J. Dennis
Stephen J. Dennis          #12453
323 West 8th Street, Suite 200
Kansas City, MO 64105

ATTORNEY FOR PLAINTIFF