IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MEREDITH FRANCIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 05-2062-KHV |
| **SPRINT UNITED MANAGEMENT COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____) | | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Dismiss And/Or For Other Sanctions (Doc. #26) filed December 14, 2005. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On November 22, 2005, defendant filed a notice which scheduled plaintiff's deposition for December 14, 2005 in Overland Park, Kansas. On or about November 24, 2005, plaintiff moved and did not give her counsel a new address or phone number. Plaintiff's counsel attempted but was unable to notify plaintiff of her scheduled deposition. On December 12, 2005, two days before the scheduled deposition, plaintiff's counsel filed a motion for a protective order to postpone the deposition due to plaintiff's inability to pay for travel expenses from Colorado, her last known address.[1] On December 13, 2005, Magistrate Judge David J. Waxse overruled plaintiff's motion because plaintiff's counsel failed to certify that he in good faith conferred or attempted to confer with opposing counsel before he filed the motion. See Order (Doc. #25).

---

[1] In the motion, plaintiff's counsel did not explain that he had been unable to contact plaintiff to inform her of the deposition, which was scheduled to take place two days later.

Counsel received electronic notification of the magistrate's order shortly before noon on December 13, 2005. Plaintiff's counsel attempted to notify plaintiff of her scheduled deposition and the Court's ruling, but he remained unable to do so because she had moved. After defense counsel received the Court's order, she called plaintiff's counsel on his cell phone to discern whether plaintiff would appear at her deposition. Plaintiff's counsel inadvertently deleted the phone message before writing down defense counsel's cell phone number. At approximately 4:00 p.m., plaintiff's counsel sent an e-mail message to defense counsel, explaining that plaintiff would not be in Overland Park, Kansas the next day so that defense counsel did not need to prepare further for her deposition. Plaintiff's counsel also explained in the e-mail that he was at home with the flu and most likely would not have been able to make the deposition anyway.

On December 14, 2005, defense counsel appeared for plaintiff's deposition and stated on the record that she had received an e-mail the previous evening from plaintiff's counsel which stated that plaintiff and her counsel would not appear for the deposition. Defendant now seeks sanctions for plaintiff's failure to appear.

## **Analysis**

Defendant asks the Court to dismiss the case with prejudice because plaintiff failed to appear for her deposition.[2] In deciding whether to impose sanctions, the Court considers on a case-by-case basis

---

[2] To the extent defendant seeks dismissal based on plaintiff's failure to meet other deadlines in the case, the Court overrules defendant's motion. Magistrate Judge David J. Waxse has addressed plaintiff's failure to comply with the other deadlines. See Order (Doc. #46) filed February 15, 2006 (ruling on defendant's motion to modify scheduling order); Order (Doc. #45) filed February 15, 2006 (awarding attorneys' fees to defendant for plaintiff's failure to respond completely to defendant's discovery requests);
(continued...)

whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate. Dismissal of an action with prejudice or its equivalent should be used as "a weapon of last, rather than first, resort." Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988). Dismissal is usually appropriate only where a lesser sanction would not serve the interest of justice; it is clearly a severe sanction and it is reserved for extreme circumstances. Courts should dismiss an action for failure to comply with orders only in situations which are the result of willfulness, bad faith or fault, rather than inability to comply. See M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976)); see also Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir. 1988).

> Before dismissing an action with prejudice, the Court considers the following factors:
>
> (1) the degree of actual prejudice to the defendant;
>
> (2) the amount of interference with the judicial process;
>
> (3) the culpability of the litigant;
>
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
>
> (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).

As to the first factor, defendant has incurred some inconvenience as a result of plaintiff's failure to

---

[2](...continued)
Order (Doc. #27) filed December 28, 2005 (plaintiff showed cause why she did not timely submit settlement report). In any event, plaintiff's non-compliance with these other deadlines does not warrant dismissal.

attend her deposition, but it has not suffered actual prejudice. Defendant states that because of plaintiff's failure to appear for her deposition, it incurred attorneys' fees to prepare for her deposition and court reporter expenses. As to attorneys' fees, defendant will not have to incur such fees when plaintiff's deposition does take place.[3] Accordingly, defendant has not been prejudiced in that regard. Further, defense counsel acknowledges that plaintiff's counsel e-mailed her and her co-counsel the evening of December 13, 2005 so the amount of her preparation time should be limited. Finally, defense counsel has not explained what efforts she undertook to notify the court reporter on the evening of December 13, 2005 that the deposition would not take place on the following day.

As to the second factor, delay strategies significantly interfere with the judicial process. See Ehrenhaus, 965 F.2d at 921. The trial in this case has been continued to October 24, 2006, but plaintiff's failure to attend her deposition was not the sole reason for the delay.

As to the third factor, it appears that plaintiff herself was not aware of her scheduled deposition. Plaintiff has some culpability, however, because she failed to tell her counsel that she had moved and changed phone numbers. On the other hand, plaintiff's counsel has consistently missed deadlines in this case and is partly to blame for plaintiff's failure to appear.[4]

---

[3] On January 11, 2006, plaintiff filed a notice which scheduled plaintiff's deposition for January 27, 2006. See Second Notice Of Deposition (Doc. #34). Plaintiff's deposition apparently commenced on that day and will continue on March 9, 2006. See Notice Of Continued Deposition (Doc. #50) filed February 23, 2006.

[4] On October 26, 2005, plaintiff did not appear at the scheduling conference. Plaintiff did not provide a settlement proposal which was due on November 4, 2005. Plaintiff served her initial disclosures and related documents on December 12, 2005, more than one month after they were due. Plaintiff responded to discovery requests on December 12, 2005, some ten days late. On January 9, 2006, defendant filed a motion to compel plaintiff's responses to certain discovery requests, but plaintiff did not
(continued...)

As to the fourth factor, the Court has not previously warned plaintiff that dismissal would be a likely sanction for noncompliance.

As to the fifth factor, as of the date of plaintiff's scheduled deposition on December 14, 2005, the Court had not previously imposed lesser sanctions.[5]

In the circumstances of this case, the Court finds that dismissal is not an appropriate sanction at this time.[6] Plaintiff and her counsel certainly should now be aware that dismissal is a likely sanction for further noncompliance with discovery and Court orders. The Court cautions plaintiff and her counsel that it will not tolerate future missed deadlines. Any future breach of plaintiff's duties to the Court may result in sanctions including but not limited to (1) an order which requires plaintiff to pay reasonable attorneys' fees which defendant incurs as a result of her actions; (2) an order which establishes certain matters and/or facts for purposes of the action; (3) an order which disallows plaintiff to support or oppose designated claims or defenses, or prohibits plaintiff from introducing designated witnesses or matters into evidence; (4) an order which strikes pleadings or parts thereof, stays future proceedings, dismisses the action with prejudice or enters judgment in favor of defendant; and (5) an order which holds plaintiff in contempt of court.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss And/Or For Other Sanctions (Doc. #26) filed December 14, 2005 be and hereby is **OVERRULED**.

---

[4](...continued)
file an opposition brief.

[5] Later, on February 15, 2006, Magistrate Judge David J. Waxse sanctioned plaintiff for her failure to respond to certain discovery requests. See Order (Doc. #45).

[6] The Court also finds that defendant is not entitled to fees related to plaintiff's deposition because it would have had to incur those costs in any event when the deposition ultimately took place.

Dated this 9th day of March, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
