# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MEREDITH FRANCIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2062-KHV |
| SPRINT UNITED MANAGEMENT COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Second Motion To Dismiss And/Or For Other Sanctions (Doc. #62) filed March 21, 2006. To date, plaintiff has not filed a response. Pursuant to D. Kan. Rule 6.1(d)(2), plaintiff had until April 13, 2006 to file a response. Pursuant to D. Kan. Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For this reason and substantially the reasons stated in the Suggestions In Support Of Defendant's Second Motion To Dismiss And/Or For Other Sanctions (Doc. #63), the Court sustains defendant's motion in part.[1]

The Court finds that dismissal is warranted under Rule 41(b) of the Federal Rules of Civil Procedure. The Court previously outlined the factors which it must consider before dismissing a case with prejudice. See Memorandum And Order (Doc. #60) filed March 9, 2006 at 3. Those factors now clearly

---

[1] On May 1, 2006, plaintiff's counsel notified the Court by e-mail that plaintiff anticipated filing a notice of voluntary dismissal "very shortly." Counsel's e-mail did not address the pending motion for sanctions, but the Court interpreted counsel's e-mail as a request to delay ruling on the motion. Because plaintiff's counsel did not file a notice of dismissal or follow up with the Court by e-mail in the last two weeks, the Court will now rule on the motion for sanctions.

warrant dismissal. In particular, the Court warned plaintiff as follows:

> Plaintiff and her counsel certainly should now be aware that dismissal is a likely sanction for further noncompliance with discovery and Court orders. The Court cautions plaintiff and her counsel that it will not tolerate future missed deadlines. Any future breach of plaintiff's duties to the Court may result in sanctions including but not limited to (1) an order which requires plaintiff to pay reasonable attorneys' fees which defendant incurs as a result of her actions; (2) an order which establishes certain matters and/or facts for purposes of the action; (3) an order which disallows plaintiff to support or oppose designated claims or defenses, or prohibits plaintiff from introducing designated witnesses or matters into evidence; (4) an order which strikes pleadings or parts thereof, stays future proceedings, dismisses the action with prejudice or enters judgment in favor of defendant; and (5) an order which holds plaintiff in contempt of court.

Id. at 5.[2] Plaintiff chose not to file a response to defendant's motion to dismiss. In addition, plaintiff has employed numerous delay strategies in this case as outlined in defendant's memorandum. Accordingly, the Court concludes that dismissal is an appropriate sanction.[3]

As to an award of fees, defendant seeks reimbursement for all fees and costs which it has incurred defending this case. The Court finds that a more limited award is appropriate. Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, plaintiff shall reimburse defendant the reasonable costs and attorney's fees which it incurred from March 9, 2006, when plaintiff failed to appear for her deposition, up to and

---

[2] The Court recognizes that some of plaintiff's delay tactics took place before the Court filed its Memorandum And Order on March 9, 2006. In any event, based on defendant's first motion to dismiss filed December 14, 2005, plaintiff was well aware that defendant would seek to bring any further delay to the attention of the Court and that dismissal was among the available sanctions.

[3] The Court notes that on March 3, 2006, defendant also filed a Motion For Sanctions Against Plaintiff And/Or Her Attorney For Failing To Comply With The Order Of February 15, 2006 (Doc. #56). That motion is referred to Magistrate Judge David J. Waxse. Plaintiff has not responded to that motion or requested an extension of time to file a response. To the extent that motion seeks dismissal of the case, it is moot. To the extent the motion seeks an award of fees related to failure to comply with the order of February 15, 2006, Judge Waxse will decide that issue.

including the costs and fees which it incurred in filing its second motion to dismiss.[4]  Defendant's request for fees and costs is otherwise overruled.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion To Dismiss And/Or For Other Sanctions (Doc. #62) filed March 21, 2006 be and hereby is **SUSTAINED in part**.  This case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Defendant's request for fees and costs is sustained in part as set forth below.

**IT IS FURTHER ORDERED** that plaintiff shall reimburse defendant the reasonable costs and attorney's fees which it incurred from March 9, 2006 when plaintiff failed to appear for her deposition, up to and including the costs and fees which it incurred in filing its second motion to dismiss and any supplemental briefing which is required by this order.  On or before **May 24, 2006**, the parties shall confer and attempt to reach an agreement on the amount of costs and fees.  If the parties cannot reach an agreement on the issue by May 24, 2006, defendant shall file an itemized statement of its costs and fees on or before **May 26, 2006**.  On or before **June 2, 2006**, plaintiff may file a response.

**IT IS FURTHER ORDERED** that on or before **May 24, 2006**, plaintiff's counsel shall show good cause why he should not be held personally liable for the costs and fees assessed in this order.

**IT IS FURTHER ORDERED** that the remaining issues of the amount of sanctions and whether plaintiff's counsel should be held liable for such sanctions is hereby referred to Magistrate Judge David J. Waxse to rule on in conjunction with defendant's pending Motion For Sanctions Against Plaintiff And/Or Her Attorney For Failing To Comply With The Order Of February 15, 2006 (Doc. #56).

---

[4] The Court previously considered and rejected defendant's request for fees and costs associated with plaintiff's scheduled deposition on December 14, 2005.

Dated this 15th day of May, 2006 at Kansas City, Kansas.

                                                                 s/ Kathryn H. Vratil  
                                                                 KATHRYN H. VRATIL  
                                                                 United States District Judge